**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| ROY LEE BROWN, | : | CIVIL ACTION NO. |
| GDC ID # 789284, Case # 621099, | : | 1:12-CV-04160-WSD-JCF |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| SHEILA OUBRE, Warden, | : | HABEAS CORPUS |
| Respondent. | : | 28 U.S.C. § 2254 |

## MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION

Petitioner, a Georgia prisoner, challenges via a 28 U.S.C. § 2254 habeas corpus petition his August 24, 2007 convictions in Cobb County, Georgia. (Doc. 3). Now before the Court are the petition (Doc. 3) and the response (Doc. 8) with supporting brief (Doc. 8-1) and exhibits (Doc. 9). For the reasons set forth below, **IT IS RECOMMENDED** that the habeas petition be **DENIED**.

## I.   Procedural History

### A.   Trial And Direct Appeal

"In a bifurcated trial, a jury found [Petitioner] guilty of aggravated assault and possession of a firearm during the commission of a felony. Sitting without a jury, the trial court found [Petitioner] guilty of possession of a firearm by a convicted felon."

*Brown v. State*, 695 S.E.2d 698, 699 (Ga. Ct. App. 2010).[1] On direct appeal, the Georgia Court of Appeals rejected Petitioner's claims that "(1) he was denied effective assistance of trial counsel; and (2) the trial court erred in denying his trial counsel's request for a longer continuance." *Id.*

> The evidence showed the following. [Petitioner] lived in an apartment with his child's mother, Shaquea Corley. The relationship ended in February 2006, and [Petitioner] moved out. Although [he] had a key to the apartment, Corley did not allow him to use it after their relationship ended.
>
> On the evening of July 8, 2006, Corley left her apartment and returned shortly before 6:00 the next morning with her sister and a friend. As the women turned on the light and entered the apartment, Corley saw a man sitting on her bed. Corley screamed [Petitioner's] name and began running. The man pointed a gun at Corley and went toward the women. The three women ran out of the apartment and toward a nearby police precinct. A neighbor saw the women running from the apartment and heard Corley yell, "[H]e's crazy. Call the cops." By the time police arrived, the man was gone. All of the women knew [Petitioner] and identified him as the assailant.

*Id.* at 699-700.

> The Georgia Court of Appeals found no merit in Petitioner's claim that trial

---

[1] Petitioner had been indicted for burglary, two counts of aggravated assault, three counts of possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon. (Doc. 9-9 (State Habeas Court Order) at 1). He received a twenty-year sentence for aggravated assault (fifteen years to serve), a consecutive five-year sentence for possession of a firearm during the commission of a felony, and a concurrent five-year sentence for possession of a firearm by a convicted felon. (Doc. 9-3 at 71-74).

2

counsel was ineffective for failing "to subpoena a witness who would have testified that [Petitioner] was elsewhere when the crimes occurred." *Id.* at 700. "At the call of the calendar on August 20,2007, trial counsel announced that he was ready for trial, subject to the production of a jailed alibi witness." *Id.* Trial counsel obtained from the trial court a signed writ of habeas corpus ad testificandum for the August 22 appearance of the witness, who was in sheriff's custody on August 20. *Id.* Counsel delivered a certified copy to the sheriff's office. *Id.* The trial began on August 22, 2007, but unbeknownst to trial counsel or to anyone else who had attended the August 20 session of court, the alibi witness had pled guilty to aggravated assault on August 21 and had been released from custody. *Id.* Thereafter, the witness could not be located. *Id.* "The court offered to continue the trial until the next morning. Trial counsel declined the offer, stating that there would not be enough time to find and subpoena the witness." *Id.* (footnote omitted).

Noting that "the jury acquitted [Petitioner] of burglary and one count of possessing a firearm during the commission of a felony," the appellate court could not "say that he was denied his constitutional right to effective assistance of counsel on the ground that counsel failed to serve a jailed witness with a subpoena in addition to obtaining a writ of habeas corpus ad testificandum." *Id.* at 701. The court concluded

3

that Petitioner's "failure to satisfy the deficiency prong of the ineffective assistance of counsel test is fatal to his ineffectiveness claim." *Id.* (footnote omitted).

The Georgia Court of Appeals also rejected Petitioner's claim that "the trial court erred in denying his request for a longer continuance in order to procure the absent witness's testimony." *Id.*

> Trial counsel declined the court's offer to continue the trial until the next day in order to secure the attendance of the alibi witness. In requesting a continuance beyond the next morning, counsel made no claim or showing that he expected to be able to procure the witness's testimony at the next term of court. So, even if the other statutory terms for the granting of a continuance had been met, the requirement that the witness's testimony would be procured at the next term of court was not fulfilled.

*Id.* The appellate court concluded, therefore, that "[t]he trial court did not abuse its discretion by denying [Petitioner's] counsel's request for an indefinite continuance." *Id.* at 701-02.

## B. <u>State Habeas Petition</u>

Petitioner raised eleven grounds for relief in his state habeas petition:

(1)   the indictment was void because the prosecutor struck certain charges from it without resubmitting it to the grand jury, and the prosecutor also used two different indictments and a redacted indictment to obtain a wrongful conviction, so that Petitioner was convicted and sentenced illegally;

(2)   judicial misconduct in failing to recognize the deficiency in the indictment, as

4

shown by Petitioner's acquittal on the burglary charge, and in failing to give a jury instruction on a lesser included offense; bias in sentencing Petitioner; and abuse of discretion in denying both trial counsel's request for a twenty-four-hour continuance to locate the alibi witness and counsel's motion for a mistrial when it became apparent that the witness could not be located;

(3)   ineffective assistance of trial counsel for failing to (a) subpoena the alibi witness, (b) challenge the indictment as "fatal and defective due to multiple counts," and (c) hire an expert witness to examine the crime scene (and then conspiring with the prosecutor to introduce inadmissible evidence at trial);

(4)   prosecutorial misconduct in coercing a state witness, the mother of Petitioner's child, by threatening her with arrest and loss of custody unless she testified against Petitioner;

(5)   prosecutorial misconduct in failing to file motions to sever the charges of burglary and aggravated assault from the charge of possession of a firearm, thus subjecting Petitioner to double jeopardy, and ineffective assistance of trial counsel for failing to object;

(6)   prosecutorial misconduct and ineffective assistance of counsel by conspiring to obstruct justice via the introduction of a CDR recording;

(7)   trial court error in seating a biased and incompetent juror;

(8)   his consecutive sentences were illegal and trial counsel failed to object;

(9)   ineffective assistance of appellate counsel for raising only two issues in Petitioner's motion for new trial and on appeal, and for not raising other issues as Petitioner had requested, due to counsel's fear of angering the trial judge and the prosecutor, who "were his friends and he needed the work they provided him with at the public defender's office";

(10)   ineffective assistance of appellate counsel for failing to notify Petitioner of the Georgia Court of Appeals decision in time for him to seek reconsideration in

5

that court or further review in the Georgia Supreme Court; and

(11)   insufficient evidence of Petitioner's guilt, and trial court error in denying his motions for a continuance, a directed verdict, a mistrial, and a judgment notwithstanding the verdict, and for refusing to consider the alibi witness's testimony at the motion-for-new-trial hearing.

(Doc. 9-1 at 7-15; *see* Doc. 9-9 at 2-4, 6).

The state habeas court held a hearing on the petition on November 16, 2011. (*See* Doc. 9-2 at 1-41). The court denied Petitioner's first ground-three claim, regarding counsel's failure to subpoena the alibi witness, because the Georgia Court of Appeals already had decided the issue, which decision was binding on the habeas court "as there [had] been no change in the facts or the law." (Doc. 9-9 at 3). The court denied grounds one and two, the remainder of ground three, grounds four through eight, and ground eleven because Petitioner "did not raise [them] at the trial level and/or on direct appeal." (*Id.*). Therefore, "[t]he claims of trial court error [were] procedurally barred under O.C.G.A. § 9-14-48(d), . . . . [and] [t]he claims of ineffective assistance of trial counsel [were also] procedurally barred under O.C.G.A. § 9-14-48(d), as they were not raised post-trial and on direct appeal when Petitioner had new counsel and did raise other claims about trial counsel." (*Id.* at 5). Because "Petitioner failed to establish cause and actual prejudice" to overcome the procedural

6

default of these claims, the state habeas court denied them without addressing them on the merits.  (*Id.* at 6).

With respect to Petitioner's two remaining, non-defaulted grounds, nine and ten, in which he asserted ineffective assistance of appellate counsel, the state habeas court made the following findings of fact:

> Counsel was appointed to represent Petitioner prior to the motion for new trial.  Counsel filed an amended motion for new trial and handled the evidentiary hearing on the motion.  Counsel also talked to Petitioner's trial counsel about his impressions of the case.  Counsel also had many conversations with Petitioner over the phone and in person about the case and possible appealable issues.

> Counsel reviewed the jury trial transcript as well as transcripts for various motions.  He also researched case law, including double-checking for new cases up until the day of the motion for new trial.  After reviewing the entire record, he decided which issues were the most viable and meritorious issues to raise.

> . . . .

> The only additional issue that Counsel recalled that Petitioner requested he raise [other than the two issues he did raise, as set forth *supra*] was a claim of prosecutorial misconduct in that the district attorney "conspired" to "get rid of [the alibi] witness" by allowing him to plead to time served.  Counsel investigated this claim by talking to the assistant district attorney that handled the case and the alibi witness's defense counsel.  However, counsel did not raise this issue because he found "no basis for it."

> After the Georgia Court of Appeals issued [its] ruling in the case,

7

> Counsel provided Petitioner with a copy of the decision.  He also explained to Petitioner how to check to see if the Court of Appeals had issued a decision in the case.

(*Id.* at 7-8 (citations to habeas hearing transcript omitted)).

The court found that Petitioner's ineffective assistance of appellate counsel claims lacked merit and denied them.  (*Id.* at 10).  Noting that "[w]here the claim is that appellate counsel was ineffective for failing to raise a particular issue, petitioner must show there is a reasonable probability that the result of the appeal would have been different had counsel raised the issue[,]" the court concluded that Petitioner "failed to show either attorney error or prejudice as to his claims." (*Id.* at 9-10).  The court "credit[ed] counsel's testimony that he investigated the issue [of a possible conspiracy to 'get rid of' Petitioner's alibi witness] and found no factual basis for a claim of prosecutorial misconduct" and also credited his "testimony that he did notify Petitioner of the decision in his direct appeal.  Petitioner has failed to establish the requisite prejudice as to either claim." (*Id.*).[2]

The Georgia Supreme Court denied Petitioner's application for a certificate of

---

[2]   At the state habeas evidentiary hearing, appellate counsel testified that "to my understanding in my investigation, the DA for the alibi witness' plea and the DA for [Petitioner's] case had no idea about each other at this time when it was happening and the defense lawyer said the same thing."  (Doc. 9-2 at 13).

8

probable cause to appeal the denial of his state habeas petition. (Doc. 9-10).

### C. Federal Habeas Petition

In his federal habeas petition, Petitioner raises the same eleven grounds for relief, word for word, that he raised in his state habeas petition. (*See* Doc. 3 at 9-13; *see also* Doc. 9-1 at 7-15). He offers no argument in support of his federal grounds.

## II. Federal Habeas Review

A federal court may issue a writ of habeas corpus on behalf of a person held in custody pursuant to a judgment of a state court if that person is held in violation of his rights under federal law. *See* 28 U.S.C. § 2254(a). This power, however, is limited.

### A. Procedural Default

#### 1. The Bar To Claims Procedurally Defaulted In State Court

Federal habeas review is generally barred for a claim that was procedurally defaulted in state court, i.e., a claim "*not* resolved on the merits in the state proceeding" based on "an independent and adequate state procedural ground." *Wainwright v. Sykes*, 433 U.S. 72, 86-87 (1977) (noting that it was consistent with United States Constitution for state procedural rule to require that alleged error "be challenged at trial or not at all").

[P]rocedural default can arise in two ways. First, where the state court

9

correctly applies a procedural default principle of state law to arrive at the conclusion that the petitioner's federal claims are barred, *Sykes* requires the federal court to respect the state court's decision. Second, if the petitioner simply never raised a claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred due to a state-law procedural default, the federal court may foreclose the petitioner's filing in state court; the exhaustion requirement and procedural default principles combine to mandate dismissal.

*Bailey v. Nagle*, 172 F.3d 1299, 1302-03 (11th Cir. 1999) (citations omitted); *see also*

*Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) (noting that if (a) petitioner failed

to exhaust state remedies and (b) state courts would now find his claims procedurally

barred, "there is a procedural default for purposes of federal habeas regardless of the

decision of the last state court to which the petitioner actually presented his claims");

*Owen v. Sec'y for the Dep't of Corr.*, 568 F.3d 894, 907-08 (11th Cir. 2009) (same).

If a petitioner has procedurally defaulted a claim in state court and "makes no attempt

to demonstrate cause or prejudice" or a fundamental miscarriage of justice, that "claim

is not cognizable in a federal" habeas action. *Gray v. Netherland*, 518 U.S. 152, 162

(1996).

### 2.    <u>Lifting The Federal Procedural Bar</u>

The procedural bar to federal habeas review may be lifted if the petitioner can

demonstrate either (1) cause for the default and actual prejudice from the alleged

10

violation of federal law, or (2) a fundamental miscarriage of justice, i.e., that he will remain incarcerated despite his actual innocence unless the federal court considers his defaulted claim. *See Coleman*, 501 U.S. at 750; *Murray v. Carrier*, 477 U.S. 478, 488-89, 495-96 (1986). To establish cause for a procedural default, a petitioner must show either that his counsel's assistance was so ineffective that it violated his Sixth Amendment right to counsel or "that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray*, 477 U.S. at 488. "To establish 'prejudice,' a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different" had he presented his defaulted claim. *Henderson v. Haley*, 353 F.3d 880, 892 (11th Cir. 2003).

In order to establish a fundamental miscarriage of justice, i.e., "that constitutional error has resulted in the conviction of one who is actually innocent of the crime," a petitioner must present "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial," *Schlup v. Delo*, 513 U.S. 298, 324 (1995), and he "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence," *id.* at 327.

11

**B.**     **Merits Review**

A federal court may not grant habeas corpus relief for claims previously decided on the merits by a state court unless the decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's determination of a factual issue is presumed correct unless the petitioner rebuts that presumption "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

In *Williams v. Taylor*, 529 U.S. 362, 412 (2000), the Supreme Court explained that, in applying 28 U.S.C. § 2254(d), a federal habeas court first ascertains the "clearly established Federal law" based on "the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." The federal habeas court then considers whether the state court decision is "contrary to" that clearly established federal law, i.e., whether the state court "applies a rule that contradicts the governing law set forth" in Supreme Court cases, or "confronts a set of facts that are materially indistinguishable from" those in a Supreme Court decision "and nevertheless arrives at a result different from" that decision. *Id.* at 405-06.

12

If the federal habeas court determines that the state court decision is not contrary to clearly established federal law, it then considers whether the decision is an "unreasonable application" of that law, i.e., whether "the state court identifies the correct governing legal principle" from the Supreme Court's decisions, "but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. "For purposes of § 2254(d)(1), an *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Harrington v. Richter*, 131 S. Ct. 770, 785 (2011) (internal quotations omitted). "Under § 2254(d)(1)'s 'unreasonable application' clause . . . a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly [but r]ather, that application must also be unreasonable." *Williams*, 529 U.S. at 411. Thus, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 131 S. Ct. at 786-87; *see also Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) ("The question under [the Antiterrorism and Effective Death Penalty Act of 1996] is not whether a federal court

13

believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold."); *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003) ("Where [in a federal habeas corpus petition] the state court's application of governing federal law is challenged, it must be shown to be not only erroneous, but [also] objectively unreasonable.").

### C.   <u>Ineffective Assistance Of Counsel</u>

The United States Supreme Court set forth the standard for evaluating claims of ineffective assistance of counsel in *Strickland v. Washington*, 466 U.S. 668 (1984). "An ineffectiveness claim . . . is an attack on the fundamental fairness of the proceeding whose result is challenged." *Id.* at 697. The analysis involves two components, but a court need not address both if the petitioner "makes an insufficient showing on one." *Id.* First, a federal habeas court determines "whether, in light of all the circumstances, the identified acts or omissions [of counsel] were outside the wide range of professionally competent assistance." *Id.* at 690. The court "must be highly deferential" in scrutinizing counsel's performance and "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. In other words, the petitioner "must overcome the presumption that, under the circumstances, the challenged action might be considered

14

sound trial strategy." *Id.* (Internal quotations omitted). "Given the strong presumption in favor of competence, the petitioner's burden of persuasion—though the presumption is not insurmountable—is a heavy one." *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc). Second, a federal habeas court determines whether counsel's challenged acts or omissions prejudiced the petitioner, i.e., whether "there is a reasonable probability"—one "sufficient to undermine confidence in the outcome"—that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

The Supreme Court more recently explained the difficult challenge facing a state prisoner who has raised an ineffective assistance of counsel claim:

> Surmounting *Strickland*'s high bar is never an easy task. An ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, and so the *Strickland* standard must be applied with scrupulous care, lest intrusive post-trial inquiry threaten the integrity of the very adversary process the right to counsel is meant to serve. Even under *de novo* review, the standard for judging counsel's representation is a most deferential one. Unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge. It is all too tempting to second-guess counsel's assistance after conviction or adverse sentence. The question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom.

15

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Richter*, 131 S. Ct. at 788 (citations and internal quotations omitted).

The foregoing analysis also applies to claims of ineffective assistance of appellate counsel. "A first appeal as of right . . . is not adjudicated in accord with due process of law if the appellant does not have the effective assistance of an attorney." *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). "A defendant can establish ineffective assistance of appellate counsel by showing: (1) appellate counsel's performance was deficient, and (2) but for counsel's deficient performance he would have prevailed on appeal." *Shere v. Sec'y, Fla. Dep't of Corr.*, 537 F.3d 1304, 1310 (11th Cir. 2008) (citing *Smith v. Robbins*, 528 U.S. 259, 285-86 (2000)). However, appellate counsel "need not advance *every* argument, regardless of merit, urged by the appellant." *Lucey*, 469 U.S. at 394; *see Robbins*, 528 U.S. at 288 (noting that "it is difficult to demonstrate that [appellate] counsel was incompetent" for failing "to raise a particular

16

claim," and "[g]enerally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome" (internal quotations omitted)); *Heath v. Jones*, 941 F.2d 1126, 1132 (11th Cir. 1991) (stating that neglected claim satisfies test for ineffective assistance only if claim would have had "a reasonable probability of success on appeal").  Moreover, the *Richter* test set forth above, which applies to any claim that a state court has adjudicated on the merits, also applies to claims of ineffective assistance of appellate counsel.  *See Bourne v. Curtin*, 666 F.3d 411, 414 (6th Cir.) (citing *Richter*, 131 S. Ct. at 788), *cert. denied*, 2012 U.S. LEXIS 4421 (2012).

This Court has reviewed the parties' filings, including the exhibits, and finds that the record contains sufficient facts upon which the issues may properly be resolved.  As Petitioner has not made a showing sufficient under 28 U.S.C. § 2254(e) to warrant an evidentiary hearing, the case is now ready for disposition.

## III.   Discussion

### A.   Most Of Petitioner's State Habeas Claims Are Procedurally Barred

As noted above, the state habeas court found that Petitioner had procedurally defaulted all of his claims except the first claim that he raised in ground three, alleging ineffective assistance of trial counsel for failing to subpoena an alibi witness who

could not be located in time for trial (which claim had been decided on direct appeal), and his ground nine and ten claims of ineffective assistance of appellate counsel. (*See* Doc. 9-9 at 3-6). The court also found that Petitioner had established neither cause nor actual prejudice to excuse the procedural default of these claims. (*Id.* at 5-6). Petitioner has offered nothing to cast these conclusions into doubt, nor has he attempted to establish cause and prejudice in this Court to excuse the procedural default of the foregoing claims. Accordingly, these claims are barred from federal habeas review on the merits. *See Netherland*, 518 U.S. at 162.

**B.** **Petitioner Has Not Shown That The Georgia Court Of Appeals Erred By Denying His Claim Of Ineffective Assistance Of Trial Counsel For Failing To Subpoena The Alibi Witness**

On direct appeal, the Georgia Court of Appeals concluded that trial counsel's failure to subpoena Petitioner's purported alibi witness did not constitute ineffective assistance of counsel . *Brown*, 695 S.E.2d at 701. The court opined:

> Trial counsel was not deficient for failing to subpoena the witness. At the time counsel obtained the writ of habeas corpus ad testificandum, the witness was in jail. Such an order is sufficient to bring a lawfully imprisoned witness to court. Counsel explained that he did not serve the witness with a subpoena because the witness lacked the ability to come to court on his own while a prisoner in the county jail, and he saw no reason to do a meaningless act. All of these events -- the signing of the production order, the release of the witness, and the date the witness was expected to testify -- were within a three-day time period.

18

> Even if in retrospect trial counsel's decision to obtain only a writ of habeas corpus ad testificandum appears unwise, effectiveness is not judged by hindsight or result. . . . The law does not require errorless counsel, and not counsel judged ineffective by hindsight, but counsel rendering reasonably effective assistance.   The reasonableness of counsel's conduct is examined from counsel's perspective at the time of trial and under the particular circumstances of the case.   Applying these principles to the present case, where the jury acquitted [Petitioner] of burglary and one count of possessing a firearm during the commission of a felony, we cannot say that he was denied his constitutional right to effective assistance of counsel on the ground that counsel failed to serve a jailed witness with a subpoena in addition to obtaining a writ of habeas corpus ad testificandum.   [Petitioner's] failure to satisfy the deficiency prong of the ineffective assistance of counsel test is fatal to his ineffectiveness claim.

*Brown*, 695 S.E.2d at 701 (footnotes and internal quotations omitted).

Petitioner has offered no facts or argument to call into question the foregoing analysis and conclusion, i.e., he has offered nothing to convince this Court that the Georgia Court of Appeals' ruling on his only non-defaulted claim of ineffective assistance of trial counsel was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement," *see Richter*, 131 S. Ct. at 786-87, especially in light of the special deference owed to a state court's ruling on claims of ineffective assistance of counsel, *see id.* at 788 ("The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.").   There is indeed a reasonable argument

that trial counsel satisfied the *Strickland* standard, which the Georgia Court of Appeals set forth in its opinion denying Petitioner relief on his only non-defaulted ground-three claim.[3]  Accordingly, this claim fails on the merits.

### C.     Petitioner Also Has Not Shown That The State Habeas Court Made An Error Of Constitutional Dimension By Denying His Claims Of Ineffective Assistance Of Appellate Counsel

In grounds nine and ten, Petitioner asserts that his appellate counsel provided ineffective assistance by not raising claims other than the two he raised on direct appeal and by failing to notify Petitioner of the appellate court's decision in time for him to seek reconsideration or further review of that decision.  (*See* Doc. 3 at 12).  Petitioner has not, however, offered any basis for calling into question the state habeas court's conclusion that these claims lack merit because Petitioner failed to establish that appellate counsel's performance was deficient or that Petitioner was prejudiced by that performance.  The state habeas court noted that, apparently, the only additional claim that Petitioner wanted raised on direct appeal was a claim that the prosecutor had conspired with the sheriff's office and others to "get rid of" Petitioner's alibi witness

---

[3] Moreover, three eyewitnesses, to whom Petitioner was well-known, identified him as the man who, armed with a handgun, was waiting for their return in the early morning in question. *Brown*, 695 S.E.2d at 699-700.  One of these eyewitnesses was the mother of Petitioner's child, who testified against him, albeit reluctantly.  (*See, e.g.*, Doc. 9-5 at 127-29).  In light of this testimony, there is no reasonable probability that Petitioner was prejudiced by trial counsel's failure to secure the presence of a purported alibi witness to testify at his trial.

before he could testify.  The state habeas court noted that appellate counsel testified that he had investigated that issue and had found nothing upon which to base such a claim.  (Doc. 9-9 at 8).  Petitioner has offered no facts or argument suggesting that this conclusion was erroneous, and in particular he has not identified any other issue that appellate counsel should have raised on appeal.

Likewise, the state habeas court found that appellate counsel had provided Petitioner with a copy of the Georgia Court of Appeals' decision, and, again, Petitioner has offered nothing to this Court to cast doubt upon that finding.  Accordingly, Petitioner has failed to make the rigorous showing required to prevail on a claim of ineffective assistance of counsel in a federal habeas proceeding.  Petitioner has not "show[n] that the state court's ruling on . . . [these claims] was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  *See Richter*, 131 S. Ct. at 786-87.  The Court is not aware of any evidence in the record that any such well-understood error has occurred.  Therefore, Petitioner's ground-nine and ground-ten claims of ineffective assistance of appellate counsel fail.

IV.   **Certificate of Appealability**

A state prisoner must obtain a certificate of appealability (COA) before

21

appealing the denial of his federal habeas petition.  28 U.S.C. § 2253(c)(1)(A).  A

COA may issue only when the petitioner makes a "substantial showing of the denial

of a constitutional right."  28 U.S.C. § 2253(c)(2).  This standard is met when

"reasonable jurists could debate whether (or, for that matter, agree that) the petition

should have been resolved in a different manner or that the issues presented were

adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S.

473, 484 (2000) (quotations omitted).  A petitioner need not "show he will ultimately

succeed on appeal" because "[t]he question is the debatability of the underlying

constitutional claim, not the resolution of that debate."  *Lamarca v. Sec'y, Dep't of

Corr.*, 568 F.3d 929, 934 (11th Cir. 2009) (citing *Miller-El v. Cockrell*, 537 U.S. 322,

337, 342 (2003)).  Because most of Petitioner's claims are procedurally barred and

there is no viable argument to support the merits of his remaining three claims, a

certificate of appealability is not warranted in this case.

## V.   <u>Conclusion</u>

For the foregoing reasons, **IT IS RECOMMENDED** that the Court **DENY** the

petition for a writ of habeas corpus (Doc. 1), **DISMISS** this action, and **DENY**

Petitioner a certificate of appealability.

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

22

**SO RECOMMENDED and DIRECTED** this <u>31st</u> day of <u>July</u>, 2013.

<u>  /s/ *J. Clay Fuller*    </u>
J. CLAY FULLER
United States Magistrate Judge

23