IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ROY LEE BROWN,

                Petitioner,

v.                                 1:12-cv-4160-WSD

SHEILA OUBRE, Warden,

                Respondent.

## OPINION AND ORDER

This matter is before the Court on Petitioner's [sic] Objection to Report to [sic] Recommendation of United States Magistrate Judge (the "Objection to Report") [12].[1]  The Objection to Report is a response to Magistrate Judge J. Clay Fuller's Final Report and Recommendation ("R&R") [10], which recommends dismissal of Roy Lee Brown's Amended Petition for Writ of Habeas Corpus (the "Petition") [3].

---

[1] The "objections" asserted by Petitioner and whether they are valid is addressed later in this Order.

I.     BACKGROUND

On January 18, 2007, Petitioner Roy Lee Brown ("Petitioner") was charged with burglary, aggravated assault (2 counts), possession of a firearm during the commission of a felony (3 counts), and possession of a firearm by a convicted felon [9-9].² On August 24, 2007, the trial court found Petitioner guilty of (1) one count of aggravated assault; (2) one count of possession of a firearm during the commission of a felony; and (3) possession of a firearm by a convicted felon. On September 24, 2007, he received a twenty-year sentence for aggravated assault (fifteen years to serve), a consecutive five-year sentence for possession of a firearm during the commission of a felony, and a concurrent five-year sentence for possession of a firearm by a convicted felon.

Petitioner appealed his conviction claiming that "(1) he was denied effective assistance of trial counsel; and (2) that the trial court erred in denying his trial counsel's request for a longer continuance." Brown v. State, 695 S.E.2d 698, 699

---

² The facts are taken from the opinions of the state habeas court and Georgia Court of Appeals. Brown v. State, 695 S.E.2d 698 (Ga. Ct. App. 2010). Under 28 U.S.C. § 2254(e)(1), "[i]n a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." Since Petitioner has not presented any evidence to rebut the findings of the Georgia Court of Appeals or the state habeas court, these facts are entitled to a presumption of correctness.

2

(Ga. Ct. App. 2010). On May 24, 2010, the Georgia Court of Appeals concluded that "[t]he trial court did not abuse its discretion by denying [Petitioner's] counsel's request for an indefinite continuance." Id. at 701-02.

On March 10, 2011, Petitioner filed his Writ of Habeas Corpus in the Superior Court of Muscogee County, in which Petitioner asserted eleven (11) grounds for relief. The Petition was denied on November 16, 2011.

On October 29, 2012, the Georgia Supreme Court denied Petitioner's application for a certificate of probable cause to appeal the denial of his habeas corpus petition. On December 18, 2012, Petitioner filed his habeas petition in this court pursuant to 28 U.S.C. § 2254(a).[3]

On July 31, 2013, Magistrate Judge Fuller issued his R&R, recommending that the Petition be dismissed because the state habeas court correctly found that Petitioner's counsel's performance at Petitioner's trial and on appeal did not violate the Strickland standards. The Magistrate Judge recommended that Petitioner be denied a certificate of appealability.

---

[3] Petitioner raises the same eleven grounds for relief, word for word, that he raised in his state habeas petition. He offers no argument in support of his federal grounds.

On August 14, 2013, Petitioner filed his Objection to Report to the R&R.[4] The Objection to Report reiterates the arguments that Petitioner raised in his Petition.  He does not identify any factual findings, legal conclusions, or recommendations in the R&R to which he specifically objects.  In liberally construing Petitioner's *pro se* Objections, as it must, the Court finds that Petitioner does not assert any cognizable objections to the findings and recommendations in the R&R.  See Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006) ("It is critical that the objection be sufficiently specific and not a general objection to the report"); Heath v. Jones, 863 F.2d 815, 822 (11th Cir. 1989) ("to challenge the findings and recommendations of the magistrate [judge], a party must . . . file . . . written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection"); Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988) ("Parties

---

[4] Petitioner also submitted an affidavit with facts alleging that the prosecutor was involved in an "obvious potential conspiracy."  On direct appeal, the state court noted that: Petitioner raised a claim that the prosecutor had conspired with the sheriff's office and others to "get rid of" Petitioner's alibi witness before he could testify.  The state court further noted that the appellate counsel testified that he had investigated that issue and found nothing upon which to base a conspiracy claim.  The Magistrate Judge found that Petitioner did not offer any facts or arguments suggesting that the Court of Appeals conclusion was erroneous, specifically because he did not identify any other issue that appellate counsel should have raised on appeal, but did not.  The Court finds no plain error in this finding.

filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court."). In the absence of cognizable objections, the Court reviews the Magistrate Judge's findings and conclusions for plain error.[5,6]

## II. DISCUSSION

### A. Legal Standards

#### 1. Standard of Review on Magistrate Judge's R&R

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1) (Supp. V 2011); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). If no party has objected to the report and recommendation,

---

[5] Even if Petitioner asserted valid objections and the Court conducted a *de novo* review of the claims that Petitioner reiterates in his Objections, the Petition's claims would still be denied for the reasons stated in the R&R.

[6] Petitioner does not object to the facts set out in the R&R. The Court has reviewed the facts for plain error and, finding none, the Court adopts the facts set out in the R&R.

a court conducts only a plain error review of the record.  <u>United States v. Slay</u>, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

        2.      <u>Standard of Review of a Section 2254 Claim</u>

A federal court may not grant habeas relief unless a petitioner demonstrates that the state court adjudication on the merits resulted in a decision that "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(1)(2).  A state court's determination of factual issues is presumed to be correct unless a petitioner presents clear and convincing evidence that the determination was erroneous.
28 U.S.C. § 2254(e)(1).

In evaluating a habeas petition under § 2254(d), the Court must first determine the applicable "clearly established Federal law, as determined by the Supreme Court of the United States."  <u>Williams v. Taylor</u>, 529 U.S. 362, 379 (2000).  Second, the Court must determine whether a state court decision is "contrary to, or involved an unreasonable application of . . . clearly established" federal law.  <u>Id.</u>  The Court should "not issue the habeas writ unless the state court was wrong as a matter of law or unreasonable in its application of law in a given

case." Id. at 385.  The "unreasonable" determination is objective, and a federal court may not issue a writ of habeas corpus simply because it concludes in its independent judgment that the state court decision was erroneous or incorrect. Wiggins v. Smith, 539 U.S. 510, 520-21 (2003).

    B.    Analysis

        1.    Procedurally Defaulted Claims

The Magistrate Judge concluded that the majority of Petitioner's claims were procedurally defaulted, and that there was no cause or actual prejudice to excuse the default.[7]  If a petitioner procedurally defaults a claim in a state court and "makes no attempt to demonstrate cause or prejudice" or a fundamental miscarriage of justice, that "claim is not cognizable in a federal" habeas action. Gray v. Netherland, 518 U.S. 152, 162 (1996).  The Magistrate Judge found that Petitioner did not establish cause or actual prejudice to excuse the procedural default of his claims.  The Court finds no plain error in this finding.

---

[7] Petitioner procedurally defaulted all of the claims asserted in this § 2255 action except: (1) the first claim that he raised in Ground Three (3), alleging ineffective assistance of trial counsel for failing to subpoena an alibi witness who could not be located in time for trial (which claim had been decided on direct appeal); and (2) his Ground Nine (9) and Ten (10) claims of ineffective assistance of appellate counsel.  The state court found that Petitioner did not establish cause or actual prejudice to excuse the procedural default of those claims.  The Magistrate Judge found no error in the state court's finding and the Court finds no plain error in these Magistrate Judge findings.

### 2. Ineffective Assistance of Trial Counsel Claims Raised on Direct Appeal

The Magistrate Judge recommended that Petitioner's claim of ineffective assistance of trial counsel, asserted in Ground Three (3) of his Petition, be denied. The ineffective assistance of counsel claims are governed by the well-settled standard articulated in Strickland v. Washington, 466 U.S. 668 (1984). To prove ineffective assistance of counsel, a petitioner must show (1) that counsel's performance was deficient, and (2) that the deficiency prejudiced the petitioner. See Wiggins v. Smith, 539 U.S. 510, 521 (2003).

Petitioner argues that his trial counsel was ineffective for failing to "subpoena a witness who would have testified that [Petitioner] was elsewhere when the crimes occurred." Brown, 695 S.E.2d at 700.

On August 20, 2007, trial counsel announced Petitioner was ready for trial, subject to the production of a jailed alibi witness. Id. That same day, trial court obtained a signed writ of *habeas corpus ad testificandum* for the August 22nd appearance of the witness, who was in the sheriff's custody. Id. On August 22, 2007, the trial began. Trial counsel did not know that the alibi witness, for which the writ of *habeas corpus ad testificandum* had been issued, had pleaded guilty to aggravated assault and released from custody. Id. Aware that the witness could not be located, on August 22nd, "the Court offered to continue the trial until the

next morning." Id.  Because there was not enough time to find and subpoena the witness, trial counsel chose to proceed to trial.  Id.

The Magistrate Judge concluded that Petitioner did not show that trial counsel was ineffective or that the appellate court's decision in not finding counsel ineffective was unreasonable.[8]  The Magistrate Judge found that Petitioner's ineffective assistance claim failed because the state courts correctly applied federal law in concluding that counsel's performance satisfied the Strickland standard, including because Petitioner did not show the claimed deficiency prejudiced the Petitioner.  The Court finds no plain error in these findings and conclusions.  See Wood v. Allen, 542 F.3d 1281, 1309 (11th Cir. 2008) (stating that petitioner has the burden of affirmatively proving prejudice, and a "conceivable effect" does not show prejudice); Gilreath v. Head, 234 F.3d 547, 552 n.12 (11th Cir. 2000) (stating that if a petitioner complains of counsel's failure to obtain witnesses, he must "show that witnesses not presented at trial actually were available and willing to testify at time of trial.").

---

[8] The Georgia Court of Appeals also rejected Petitioner's claim that the trial court erred by denying the Court's offer to continue trial the next day in order to secure the attendance of Petitioner's alibi witness because "counsel made no claim or showing that he expected to be able to procure the witness's testimony at the next term of court." Id.  The appellate court concluded that "[t]he trial court did not abuse its discretion by denying [Petitioner's] counsel's request for an indefinite continuance."  Id. at 701-702.

### 3. Ineffective Assistance of Appellate Counsel

The Magistrate Judge also recommended that the claims Petitioner asserted in Ground Nine (9) and Ten (10) be denied because Petitioner does not offer clear and convincing evidence to rebut the state court's factual findings that counsel was not ineffective. Petitioner's claim asserts that appellate counsel provided ineffective assistance by (1) not raising claims other than the two he raised on direct appeal and by (2) failing to notify Petitioner of the appellate court's decision in time for him to seek reconsideration of that decision. The Magistrate Judge concluded that these claims do not assert that the appellate court committed any constitutional-based error because Petitioner cannot demonstrate that appellate counsel's performance was deficient or that he was prejudiced by appellate counsel's performance. See Wellons v. Warden, Georgia Diagnostic & Classification Prison, 695 F.3d 1202, 1206 (11th Cir. 2012) ("In reviewing whether a state court's decision was based on an "unreasonable determination of the facts" under § 2254(d)(2), we presume the state court's factual findings are correct, and the petitioner has the burden to rebut those facts by clear and convincing evidence."). The Court finds no plain error in these findings and conclusions.

4.   Certificate of Appealability

A district court "must issue or deny a certificate of appealability when it enters a final order adverse to the appellant."  See R. Governing § 2254 Cases 11(a).  "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Petitioner is not entitled to federal habeas relief because he did not demonstrate that reasonable jurists could determine a violation of his constitutional rights.  The Court thus adopts the Magistrate Judge's finding and recommendation that a certificate of appealability be denied.

### III.   CONCLUSION

Accordingly, and for the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge J. Clay Fuller's Final Report and Recommendation [10] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Petitioner Roy Lee Brown's Amended Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [3] is **DENIED** and that this action is **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability, under Rule

11 of the Rules Governing Section 2254 Cases, is **DENIED**.

**SO ORDERED** this 18th day of June, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE